UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRIS ROENA BROWN and
AARON BROWN,

       Plaintiffs,                         Case No. 16-13003
                                       Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

       Defendant.
_____/

## ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #5) AND (2) DISMISSING COUNT II OF PLAINTIFFS' COMPLAINT

In this action, Plaintiff Kris Roena Brown ("Ms. Brown") alleges that on October 4, 2014, she was driving on Ten Mile Road in Southfield, Michigan and was struck by vehicle driven by a woman named Amanda Almanza ("Almanza"). (*See* Compl. at ¶12, ECF #1 at 2, Pg. ID 2.)  As a result of the collision, Ms. Brown says that she suffered substantial injuries. (*See* Compl. at ¶¶ 23-24, ECF #1 at 4, Pg. ID 4.)

On August 17, 2016, Ms. Brown and her husband Aaron Brown ("Mr. Brown") (collectively, the "Browns") filed this personal injury action against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (the "FTCA"). (*See* Compl., ECF #1.)  The Browns assert that the Government is liable because Almanza is an employee of the Federal Emergency

Management Agency ("FEMA") and was acting within the scope of her employment at the time of the accident. (*See id.* at ¶4, ECF #1 at 1-2, Pg. ID 1-2.) The Browns bring two claims in their Complaint.  In count one, Ms. Brown maintains that Almanza's negligent driving caused her to suffer substantial and serious injuries. (*See id.* at ¶¶ 23-24, ECF #1 at 4, Pg. ID 4.)  In count two, Mr. Brown asserts a claim for loss of consortium. (*See id.* at ¶29, ECF #1 at 5, Pg. ID 5.)

The Government has now moved to dismiss Mr. Brown's loss of consortium claim (the "Motion"). (*See* ECF #5.)  The Government insists that the Court lacks subject matter jurisdiction over that claim because Mr. Brown did not first present the claim to FEMA before filing this action.  The Court agrees.

Claims against the United States are barred in unless the Government has waived its sovereign immunity, and "the terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  The FTCA is a "jurisdictional statute" that allows plaintiffs to file actions against the Government if certain conditions are satisfied.  *Milligan v. U.S.*, 670 F.3d 686, 692 (6th Cir. 2012).  Under the FTCA, the Court has jurisdiction over a civil claim brought against the Government only if the plaintiff first presented his or her claim to the appropriate administrative agency. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim

2

against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency"); *see also Sherman v. United States*, 48 F.Supp.3d 1019, 1024 (E.D. Mich. 2014) ("Because the plaintiff did not present his administrative claim with 'the appropriate [f]ederal agency' before he commenced this lawsuit [under the FTCA], this Court had no jurisdiction to adjudicate the complaint when it was filed").

Here, attorney Joseph Dedvukaj ("Mr. Dedvukaj") filed a claim on Ms. Brown's behalf with FEMA on March 17, 2016. (*See* ECF #11-3 at 10-11, Pg. ID 84-85.)  That claim did not allege that Mr. Brown suffered any losses nor did it seek any damages for loss of consortium.  In fact, the claim form is signed by Ms. Brown (*not* Mr. Brown) as the "claimant" and lists only the injuries that she claims to have suffered (none of which include loss of consortium on her behalf or her husband's behalf). (*See id.* at 10, Pg. ID 84.)

The Browns insist that "[i]t is clear taking the totality of the claim material that [Mr. Brown] was making a claim as well." (Browns Resp. Br. at 5, ECF #10 at 5, Pg. ID 61.)  The Court disagrees.  The "claim material" included the claim form itself, a cover letter from Mr. Dedvukaj, "household services statements" describing the services that were provided to Ms. Brown, and Ms. Brown's medical records. (*See* ECF #11-3.)   None of those documents, reviewed

individually or collectively, can reasonably be read as asserting a claim for loss of consortium on Mr. Brown's behalf.

For instance, the heading of the cover letter from Mr. Dedvukaj indicates that it is "Re: Kris Roena Brown," and the letter's first sentence reads "I am making a claim *on behalf of my client Kris Roena Brown*…." (*See id.* at 2, Pg. ID 76; emphasis added.) The letter concludes by warning FEMA that if it refused to accept or deny the claim within the time period prescribed by law, Mr. Dedvukaj would "immediately commence suit against the United State[s] of America for the tortious conduct of the FEMA employee *causing the injuries and damages sustained by Kris Brown*, past, present and future." (*Id.* at 4, Pg. ID 78; emphasis added). The cover letter never even mentions Mr. Brown, nor says that he is asserting a claim for loss of consortium. (*See id.* at 2, Pg. ID 76.) And the remaining documents submitted to FEMA reference Mr. Brown just twice: once in a box on the claim form that asks for the "[n]ame, address of claimant, and claimant's personal representative" (*id.* at 10, pg. ID 84.) and then as Ms. Brown's "service provider" on various "household services statement" forms (*see id.* at 15-32, Pg. ID 89-106). Those forms list the services Mr. Brown provided to Ms. Brown, such as "vacuuming," "dusting," and "laundry." (*Id.*) In no way do these documents assert any kind of claim for lack of consortium on Mr. Brown's behalf.

4

The Browns resist this conclusion based upon the decision in *Emery v. United States*, 920 F. Supp. 788 (W.D. Mich. 1996).  In *Emery*, the district court held that a claim form submitted to the Department of Health and Human Services put the department on notice of a spouse's claim for loss of consortium.  But *Emery* is different from this case in one critical way.  The claim form at issue in *Emery* expressly stated that the claimants' wife "ha[d] suffered a loss of consortium, love and affection." *Id.* at 791.  Thus, "it [was] clear from the face of the form that [the spouse] was alleging a claim for loss of consortium against the government." *Id.*   As described above, the claim form and accompanying documents in this case contain no such claim on Mr. Brown's behalf.  Therefore, *Emery* does not save Mr. Brown's claim for loss of consortium.

Accordingly, for the reasons stated above, the Court concludes that Mr. Brown did not present his claim for loss of consortium to FEMA before filing this action, and the Court therefore lacks jurisdiction to adjudicate that claim.  The Motion is therefore **GRANTED** and count two of the Browns' Complaint is **DISMISSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  December 12, 2016          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 12, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113